# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| FATEH ALI JUDHANI, et. al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1256-B |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order filed December 16, 2010, before the Court for recommendation is *Defendants' Motion to Dismiss Amended Complaint*, filed September 28, 2010 (doc. 8.). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

### A. Factual Background

Petitioners Fateh Ali Judhani (Fateh), Nazlin Judhani (Nazlin), and Soniya Fateh Ali Judhani (Soniya) (collectively "the Judhanis") are citizens and nationals of Pakistan. (MTD Apdx at 1, 5, 7, 11.) Fateh was the principal beneficiary of an Application for Alien Employment Certification (Form ETA 750) filed on April 23, 2001, by his employer, Ramzan Punjani/$1.00 Store. (*Id*. at 1.) Nazlin and Soniya, his wife and daughter, were listed as Fateh's dependent beneficiaries. (*Id*. at 7, 11.) This Form ETA 750 was not certified by the Department of Labor. (*Id*. at 1, 7, 11.)

Fateh was also the principal beneficiary of a Form ETA 750 filed on October 7, 2003, by Aly Diamond Corporation d/b/a Gems N Gold, his employer. (*Id*. at 2.) Nazlin and Soniya were listed as his dependents. (*Id*. at 8, 12.) On January 23, 2004, this second Form ETA 750 was certified by the Department of Labor. (*Id*. at 2, 8, 12.) On March 23, 2004, Gems N Gold filed an Immigrant

Petition for Alien Worker (Form I-140) naming Fateh as the principal beneficiary and Nazlin and Soniya as his dependents. (*Id.* at 2, 8, 12.) On April 15, 2004, the Judhanis each filed an Application to Register Permanent Residence or Adjust Status (Form I-485). (*Id.*) On January 30, 2007, the Texas Service Center (TSC) denied the Form I-140 and, pursuant to Section 245 of the Immigration and Nationality Act (INA), denied the Judhanis's Form I-485s. (*Id.* at 2, 8, 12.)

On March 1, 2007, Gems N Gold filed a Motion to Reopen (MTR). (*Id.* at 3.) The MTR was considered on April 11, 2007, but the I-140 remained denied. (*Id.* at 3, 9, 13.) On May 10, 2007, a second MTR Form I-140 was filed. (*Id.* at 3.) The second MTR was considered on June 6, 2007, but the I-140 remained denied. (*Id.* at 3, 9, 13.) On August 3, 2007, Gold Valley Rocky Mount Inc. d/b/a Gems N Gold, filed an appeal from the June 6, 2007 MTR denial. (*Id.*) On November 11, 2007, the appeal was dismissed. (*Id.*)

On August 13, 2008, the Benish Corporation filed an I-140 with Fateh as the beneficiary and Nazlin and Soniya as dependents. (*Id.* at 3, 9, 13.) On January 30, 2009, the TSC approved this Form I-140. (*Id.* at 3, 9, 13.) None of the Judhanis have filed a Form I-485 based on the I-140 filed by Benish Corporation, and it is undisputed that they have no unadjudicated applications pending with USCIS.[1] (*Id.* at 3, 9, 13.)

On May 12, 2010, USCIS served all of the Judhanis with Notices to Appear, Form I-862, and placed them into removal proceedings. (*Id.* at 3, 9, 13.) They are charged with being illegally present in the United States. (*Id.* at 5, 9, 13.) Fateh is set for his master hearing before the Immigration Court on March 10, 2011. (*Id.* at 6.)

---

[1] The Judhanis contend that they have made repeated attempts to file Form I-485 applications with the USCIS pursuant to Section 245(I) of the INA, but the USCIS has refused to accept the applications. However, the Judhanis fail to provide this Court with any information regarding the circumstances involved in their attempted filing of the applications, including the timing of the requests.

**B. Procedural Background**

On June 25, 2010, the Judhanis filed their original complaint "for writ in the nature of mandamus" against Eric Holder, United States Attorney General; Janet Napolitano, Secretary, United States Department of Homeland Security; Alejandro "Ali" Mayorkas, Director, United States Citizenship and Immigration Services (USCIS); Robert M. Cowan, Director, National Benefits Center, USCIS; and Tracy Tarango[2], District Director, Dallas District, USCIS, (collectively, "Defendants"), in their official capacities. (*See* doc. 1.) After the defendants moved to dismiss the complaint, the Judhanis filed an amended complaint on September 14, 2010, against the same defendants alleging that their denial of the Judhanis's applications for adjustment of status was arbitrary and unlawful. (Am. Comp. at 9.) The Judhanis also argue that the Defendants are unlawfully withholding or unreasonably delaying acting on additional applications for permanent residency and have failed to carry out their adjudicative functions in violation of the Administrative Procedures Act ("APA"). (*Id*. at 10.)

The Judhanis assert that jurisdiction is proper under 28 U.S.C. § 1331 (the Federal Question Statute); 5 U.S.C. § 701 et seq. (APA); 28 U.S.C. § 1361 (the Mandamus Act); and 28 U.S.C. § 2201 (the Declaratory Judgment Act) ("DJA") (Am. Comp. at 8.), and they ask the Court to enter an order:

> (a) requiring the Defendants to accept the Judhanis' applications for adjustment of status under section 245(I) of the INS Act (sic) and the extension granted under the LIFE Act; (b) requiring Defendants to approve the Judhanis' applications for adjustment of status; © issuing a directive to the USCIS asking it to accept the submission of Form I-485 which comes under the protection of section 245(I) of the

---

[2]The Judhanis assert claims against Tarango in both her official and individual capacities. (Am. Comp. at 8.) Defendants' counsel asserts that Tarango has not personally been served with the summons and amended complaint. (MTD at p. 2.)

INS Act (sic) and the extension granted under the LIFE Act; (d) issuing a permanent injunction enjoining Defendants from violating 8 CAR § 274a.13(2)(d) and promulgating her (sic) own arbitrary exceptions to said regulation where exceptions do not exist in the plain language of the regulation; (e) awarding Plaintiffs reasonable attorney's fees; and (f) granting such other relief at law and in equity as justice may require. (Am. Comp. at 11.)

On September 28, 2010, Defendants moved to dismiss this action for lack of jurisdiction, or alternatively, for failure to state a claim. (*See* MTD at 6-8.) The Judhanis filed no response to the motion.

## II. ANALYSIS

### A. Legal Standard

Defendants, in their official capacities, move to dismiss the Judhanis's claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim. (MTD at 6-8.) Defendants argue that the statutes relied upon by the Judhanis are not applicable to their claims and do not confer jurisdiction on this Court because (1) the adjudication of applications for adjustment of status are committed to agency discretion under 8 U.S.C. § 1255(a); (2) the Judhanis are in removal proceedings; and (3) their request is moot because there are no pending applications awaiting adjudication. (*Id*.)

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper

4

jurisdiction." *Id*.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Cuquenan v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bowery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id*. When the evidence is presented with the motion to dismiss, then the attack is "factual" and "no presumptive truthfulness attaches to [the] allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca*

*v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming*, 281 F.3d at 161.

In this case, because Defendants support their 12(b)(1) motion with evidence outside the petition (*see* MTD Apdx. 1-14), the motion represents a factual attack. Because the Judhanis do not contest the proffered evidence, however, no disputed facts must be resolved.

**B.     Jurisdiction**

The Judhanis's complaint asserts that this Court has jurisdiction over their claims pursuant to the general federal question statute, 28 U.S.C. § 1331, the DJA, 28 U.S.C. § 2201, the APA, 5 U.S.C. § 701 et seq., and the Mandamus Act, 28 U.S.C. § 1361. (Am. Compl. at 8.)

**1.     Federal Question Jurisdiction**

Section 1331 provides the federal courts with a general grant of civil federal question jurisdiction for actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. The parties do not dispute that the allegations in this case arise under federal law. However, the Judhanis have sued Defendants, who are government employees, in their official capacities.[3] Official capacity suits against federal employees are treated as suits against the United States. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Ischy v. Miles*, 75 Fed. Appx. 257, 258 (5th Cir. 2003); *Turner v. Houma Mun. Fire and Police Civil Serv. Bd*, 229 F.3d 478, 483 (5th Cir. 2000). The United States may not be sued except to the extent it has consented to suit by statute. *United States v. Testan*, 424 U.S. 392, 399 (1976). Such a waiver of sovereign immunity cannot be implied, but must be unequivocally expressed.

---

[3]*See* n. 1.

*United States v. Mitchell*, 445 U.S. 535, 538 (1980). Accordingly, if § 1331 is to be used to secure relief against Defendants in their official capacities, it must be tied to some additional authority, such as the APA or § 1361, that waives the government's sovereign immunity under certain conditions.

2. **Declaratory Judgment Act**

The Declaratory Judgment Act, 28 U.S.C. § 2201, likewise does not operate in and of itself to waive sovereign immunity or to confer jurisdiction on the federal courts. *Shah v. Chertoff*, No. 3:05-CV-1608-BH (K) ECF, 2006 WL 2859375, at *2 (N.D. Tex. Oct. 5, 2006); *Austral Oil Co., Inc. v. National Park Service*, 982 F. Supp. 1238, 1242 (N.D. Tex. 1997). "[T]he Declaratory Judgment Act, as a procedural statute, [is also] not an independent basis of federal jurisdiction." *Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 447 & n.11 (5th Cir. 2002) (footnote omitted); *accord Watson v. Chief Administrative Law Judge*, No. 10-40411, 2010 WL 4033991, at * 2 (5th Cir. 2010); *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). Defendants are immune from suit brought under the DJA unless the Judhanis can show independent grounds for jurisdiction. *See Bauhaus*, 292 F.3d at 447 & n.11; *Watson*, 2010 WL 4033991, at * 2.

3. **Administrative Procedures Act**

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. A "preliminary, procedural, or intermediate agency action or

7

ruling not directly reviewable is subject to review on the review of the final agency action." *Id*. Pursuant to 8 C.F.R. § 245.2, "[n]o appeal lies from the denial of an application by the director, but the applicant... retains the right to renew his or her application in [removal] proceedings...."

The Fifth Circuit addressed the issue of whether a denial of an application for adjustment of status is a final agency action in *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000). In *Cardoso*, the plaintiff's request for an adjustment of status was denied, but no removal proceedings had been initiated. 216 F.3d at 517–18. The court noted that the plaintiff could not directly appeal the denial, but could only renew her request upon the agency's commencement of removal proceedings. *Id*. at 518. Because the plaintiff had the right to reapply for adjustment of status as part of deportation proceedings, the Fifth Circuit held that she had not exhausted her administrative remedies, thereby depriving the court of jurisdiction. *Id*. Although not brought under the APA, *Cardoso* clearly states that the denial of a request for adjustment of status is not a final agency action for which there are no other adequate remedies available.[4]

Here, the denial of the Judhanis's application for adjustment of status was not a final agency action, and another adequate remedy is available to them through the removal proceedings. The Court therefore lacks jurisdiction under the APA to consider the Judhanis' challenge to the procedures used by Defendants to review the application, and Defendants' motion to dismiss the Judhanis's claims against them in their official capacities under the APA should be granted.

**4.     Mandamus**

The federal mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district courts shall

---

[4]*See also Afsharzadehyadzi v. Perryman*, 214 F. Supp.2d 884, 888 (N.D. Ill. 2002) (noting that a denial of adjustment of status is not a final agency action and holding that the plaintiff, who alleged she was denied due process in the review of her application, was required to first exhaust her administrative remedies and then seek review of the denial in the Court of Appeals).

have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus may only be invoked in extraordinary situations. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *In re First South Sav. Ass'n*, 820 F.2d 700, 705 (5th Cir. 1987). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). Mandamus is an extraordinary remedy available only where the plaintiff establishes: (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *See Allied Chemical*, 449 U.S. at 35; *Scott v. FNU New*, 387 Fed. Appx. 469, 470 (5th Cir. 2010); *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

Defendants argue that this Court lacks jurisdiction over the Judhanis's claims because they are in removal proceedings. (MTD at 6.; Apdx at 3, 5–6, 9, 13.) Once removal proceedings have begun, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien" is available only in review of the final order. 8 U.S.C. § 1252 (a)(9); *accord Jama v. Gonzales*, 431 F.3d 230, 232 (5th Cir. 2005); *Mbaka v. Napolitano*, No. 3:09-CV-1109-O-BH, 2010 WL 742454, at *3, (N.D. Tex. Feb. 26, 2010). The immigration judge has exclusive jurisdiction to adjudicate any application for adjustment of status that an alien may file after being placed in removal proceedings. *See* 8 C.F.R. § 1245.2(a)(1); *Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010). The regulations regarding the USCIS's denial of an application for adjustment of status allow an alien "to renew his or her application in [removal] proceedings." 8 C.F.R. § 245.2(a)(5)(ii); *Maringo v. Mukasey*, 281 Fed. Appx. 365, 368 (5th Cir. 2008); *Cardoso*,

216 F.3d at 518. Moreover, a denial of adjustment of status is subject to review by a court "only in the judicial review of an order of deportation under [8 U.S.C. § 1105a]", and a § 1105a review takes place in the Courts of Appeals. 8 U.S.C. § 1255a(f)(4)(A); *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 54 (1993).

Here, the Judhanis have another adequate remedy available to them -- they may raise their claims before the immigration judge during their removal proceedings. *See Maringo*, 281 Fed. Appx. at 368; *Cardoso*, 216 F.3d at 518. They therefore cannot meet the third requirement for mandamus.[5] Defendants' motion to dismiss the Judhanis's claims brought against them in their official capacities under the mandamus statute should be granted for lack of subject matter jurisdiction.[6]

### III. CONCLUSION

*Defendants' Motion to Dismiss Amended Complaint* (Doc. 8.), filed September 28, 2010, should be **GRANTED.** The Judhanis's claims against all defendants in their official capacities should be dismissed without prejudice. Only the claims against Tracy Tarango in her individual capacity remain pending at this time.

---

[5] Because Plaintiff cannot meet the third requirement for mandamus jurisdiction, the Court need not address the first two requirements.

[6] Defendants also argue that the adjustment of the status of an alien is committed to their discretion under 8 U.S.C. § 1255(a), and that this Court lacks jurisdiction to consider the Judhanis's applications for adjustment under 8 U.S.C. § 1252(a)(2)(B)(i)–(ii). (MTD at 6-7.) Defendants further argue that, because there are no pending applications awaiting adjudication, the Judhanis's request is moot. (*Id* at. 8.) Because this Court recommends granting Defendants' motion to dismiss on other grounds, the Court need not address these arguments.

**SO RECOMMENDED on this 9th day of March, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE